Perry S. Clegg (USB No. 7831)
Marcia Fuller Durkin (USB No. 9973)
**CLEGG, P.C.**
299 South Main, Suite 1300
Salt Lake City, UT 84111
Telephone: (801) 532-3040
Facsimile: (801) 532-3042
court@cleggiplaw.com;
pclegg@cleggiplaw.com;
mdurkin@cleggiplaw.com

John H. Bogart (USB No. 8305)
**TELOS VG, PLLC**
299 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 535-4304
jbogart@telosvg.com

Stephen E. Silverman (Admitted *Pro Hac Vice*)
**STEPHEN SILVERMAN LAW**
9304 E. Raintree Drive, Suite 120
Scottsdale, Arizona 85260
Telephone: (480) 747-0850
Facsimile: (480) 400-1065
steve@stephensilverman.com

*Attorneys for Plaintiff,*
*Richard Dutcher*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICHARD DUTCHER,<br><br>                               Plaintiff,<br><br>vs.<br><br>BOLD FILMS LP; BOLD FILM PRODUCTIONS, LLC; OPEN ROAD FILMS, LLC; NBC UNIVERSAL MEDIA, LLC; and UNIVERSAL STUDIOS HOME ENTERTAINMENT, LLC,<br>                               Defendants. | **MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO DISCOVERY**<br><br>Case No.: 2:15-cv-00110-DB<br><br>Judge Dee Benson |

Plaintiff Richard Dutcher, by and through his attorneys of record, pursuant to Rule 37 and District of Utah Rule 37-1, hereby respectfully moves this Court for an order requiring Defendants to provide supplemental responses to Requests for Production 25, 39, 40, 41, 44, 45, 46, 47, 50, 52, and 53.

A summary of each request at issue and the response to the request is set out below consistent with DUCivR 37-1(b). For the convenience of the Court, a copy of the written requests and responses are attached as Exhibit 1 (First Set of Requests (Request 25)) and Exhibit 2 (Second Set of Requests).

### I.     Good Faith Effort to Meet and Confer.

Dutcher has made reasonable efforts to meet and confer with Defendants and has been unable to resolve all issues. Mr. Bogart, counsel for Plaintiff, wrote to Ms. Hayman, counsel for Defendants, on October 19, 2016, concerning Defendants' Responses outlining the issues and proposing times to confer by telephone. Counsel then spoke by telephone on October 24, 2016.

### II.    Discovery At Issue.

#### Requests for the Production of Documents.

Request 25:     This Request calls for copies of all agreements between Robert Gale and NBCUniversal or affiliates of NBCUniversal. Ex. 1 at 15. (Mr. Gale is providing expert testimony for Defendants, and submitted a report found at Dckt 33-5.) Defendants objected "on the basis that it assumes facts, is overbroad, irrelevant, and disproportionate" because Mr. Gale "has had no relationship with NBCUniversal prior to this case." *Id*. "Assumes facts" is not a cognizable objection to a discovery request. Defendants did not explain how the Request was overbroad, irrelevant, or disproportionate. Mr. Gale's contractual or financial involvement with affiliates of NBCUniversal (or other Defendants) may be material to Mr. Gale's credibility and

1

his ability to serve as an expert at trial. That may be presumed from the disclosure requirements of Rule 26. In addition, NBCUniversal knows its affiliates and has the list from Mr. Gale's disclosure. Most likely, Mr. Gale's agreements are with named Defendant Universal Studios Home Entertainment. It can therefore easily determine which of the listed entities may have (or have had) a contractual relationship with Mr. Gale and obtain and produce those documents. There is no indication that this would be difficult or involve any particularly large number of documents.

Moreover, the Defendants merely list objections and do not make an effort to provide the basis for the objections. That renders the objections boilerplate, and should constitute waiver of the objections. F.R.C.P. 34(b)(2)(B); *Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 671 (grounds for objections must be stated); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (WD NY 2000) (objection that request burdensome waived because party failed to "particularize" basis for objection); *Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 357 (D MD 2008) (boilerplate objections waived any legitimate objections); *Aikens v. Deluxe Fin'l Services, Inc.*, 217 F.R.D. 533, 339 (D KS 2003). Even if boilerplate assertion of objections does not waive the objections, the failure to timely provide a basis for the objections does. F.R.C.P. 33(b)(4); *Nagele, supra*, 193 F.R.D. at 109. Plaintiff confirmed for Defendants that no responsive documents needed to be produced a second time, and Plaintiff did not demand identification of previously produced responsive documents.

Request 39: "Produce all Documents, Communications and things relied upon and/or reviewed by You in preparing your Rule 26(a)(1) disclosures, including any initial, supplemental, or amended disclosures." Ex. 2 at 4.

2

Defendants objected "on the basis that it is duplicative and calls for privileged information and documents" and then referred Plaintiff to the response to Request 38. Ex. 2 at 4. The response to Request 38,[1] after objections, states that Defendants have "already produced or offered to make available to Plaintiff all relevant documents and things responsive to this request." Id. There are two defects in this response. First, there is no basis for limiting the production of responsive documents to the subset Defendants' deem "relevant." Plaintiff is entitled to all responsive documents, particularly where Defendants make no showing at all that there is any basis to any objection. This is highlighted by the fact that Request 38 calls for production of material Defendants identified in their 26(a)(1) Disclosures – what could "irrelevant" mean in that context? Indeed, if Defendants' have identified irrelevant material in their Disclosures, it is all the more important that they produce everything identified so as to avoid sandbagging, and to test whether the Disclosures were made in good faith. Similarly, why would Defendants review irrelevant material in making their Disclosures?

Although the parties have, throughout this case, responded to document requests by providing to the other side electronic copies of all responsive documents, Defendants now limit their responses to making documents available for inspection and copying. This is contrary to the actual practice of parties and serves no legitimate purpose. Defendant should simply produce the requested materials.

Request 40: "For each of the Defendants, produce all insurance policies and/or all documents relating to any self-insurance indemnification that any of the Defendants may rely on, have, or operate and that may be utilized or relied on by any of the Defendants to pay any legal fees, settlements, judgment, or indemnification associated with the Lawsuit." Ex. 2 at 4.

---

[1] Request 38 asks for the documents and things identified in Defendants' Rule 26(a)(1) Disclosures.

3

Defendants objected "on the basis that it is duplicative of Document Request No. 18" and then stated that no further responsive documents exist. *Id*.

Defendants claim that there are no insurance policies applicable to the claims of this case. If Defendants are self-insured, then there are documents concerning the scope or limit of self-insurance. Indeed, it would be serious financial misconduct for the Defendants to have no documentation of the nature and limits of self-insurance, documents showing, *e.g.*, that claims of the sort in this case are excluded from other policies, etc.

Requests 41 to 51: Defendants Open Road, NBCUniversal, and Universal Studio Home Entertainment declined even to search for responsive documents, standing on the boilerplate objections for each of Requests 41 through 51. *See* Ex. 2 at 4-5. The basis for that decision seems to be the view that these Defendants negotiated with Bold Films after completion of shooting of *Nightcrawler*. *Id*. But that fact, assuming it true for the moment, does not establish that there can be no responsive documents or that it would be disproportionate or unduly burdensome to look for responsive documents. Communications and agreements post-dating completion of shooting could easily include discussions of the creation of the film and so discussion of access to *Falling*. There is no reason to think that all communications are always forward-looking. Because these Defendants rested on their objections and made no effort to search for, collect, or review responsive documents, and the objections are without substantiation, each of Open Road, NBCUniversal, and USHE should be required to make the search and production without objection.

Request 41: "Produce all Documents, Communications and things mentioning, referencing, concerning, relating to, created by, prepared or draft by, sent to, or received from Rich Cowgill." Ex. 2 at 5.

4

Defendants responded by objecting to "this Document Request on the basis that it is overbroad, burdensome, disproportionate, and irrelevant.  Subject to and without waiving their objections, Bold Films has no documents responsive to this Request."  Ex. 2 at 5.

As is common among Defendants' responses, none of the objections is supported by an explanation or by substantiation. Because the objections are mere boilerplate, there is little reason to suppose a search was undertaken, that there are in fact no documents among Bold Films' records concerning Rich Cowgill.  Rich Cowgill is a stinger who provided footage and technical advice to Plaintiff on and before 2007, and who later appeared on the same television show (in 2008) with the stringers who worked as technical advisors on *Nightcrawler* in 2013.

Request 44:     "Produce all Documents, Communications and things mentioning, referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from Howard Raishbrook." *Id*. at 6.

 Bold Films responded by objecting that the Request is "overbroad, burdensome, disproportionate, and irrelevant.  Defendants also object on the basis that it is duplicative of previous requests.  Subject to and without waiving these objections, Bold Films has no additional documents responsive to this Request that have not already been produced in this litigation." *Id*.

The objections are boilerplate, set out without basis or substantiation.  Because the response is subject to the objections, the only fair inference is that no search was in fact made and none of the objections have merit.  This is compounded by the absence of any reference to what prior Request Bold Films believes is duplicated here.  The Raishbrooks appeared on the same television show with Rich Cowgill, and later worked as technical advisors on *Nightcrawler* in 2013.  Marc Raishbrook also appeared on camera in the final film.  At some point in 2014 or

5

2015, Howard and Marc Raishbrook appeared on the bonus features on home video release of *Nightcrawler*.

Request 45:  "Produce all Documents, Communications and things mentioning, referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from Marc Raishbrook." *Id*. at 6.

Bold Films responded by objecting that the Request is "overbroad, burdensome, disproportionate, and irrelevant.  Defendants also object on the basis that it is duplicative of previous requests.  Subject to and without waiving these objections, Bold Films has no additional documents responsive to this Request that have not already been produced in this litigation." *Id*.

The objections are boilerplate, set out without basis or substantiation.  Because the response is subject to the objections, the only fair inference is that no search was in fact made and none of the objections have merit.  This is compounded by the absence of any reference to what prior Request Bold Films believes is duplicated here.  Raishbrooks' role is explained just above in connection with Request 44.

Request 46:  Produce all Documents, Communication and things mentioning, referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from Marc Raishbrook." *Id*. at 6.

Bold Films responded by objecting that the Request is "overbroad, burdensome, disproportionate, and irrelevant.  Defendants also object on the basis that it is duplicative of previous requests.  Subject to and without waiving these objections, Bold Films has no additional documents responsive to this Request that have not already been produced in this litigation." *Id*.

The objections are boilerplate, set out without basis or substantiation.  Because the response is subject to the objections, the only fair inference is that no search was in fact made

6

and none of the objections have merit. This is compounded by the absence of any reference to what prior Request Bold Films believes is duplicated here. *See* page 11, *supra*, Request 44 for further explanation of the role of the Raishbrooks.

Request 47: "Produce all Documents, Communication and things mentioning, referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from Steven Soderbergh." *Id*. at 7.

Bold Films responded by objecting that the Request is "overbroad, burdensome, disproportionate, and irrelevant. Steven Soderbergh has worked on a number of projects with Bold Films that are completely unrelated to *Nightcrawler*. Accordingly, Bold Films has a number of documents and communications referencing Steven Soderbergh that are unrelated to the *Nightcrawler* film. Subject to and without waiving these objections" Bold Films produced 19 pages of "documents referencing Steven Soderbergh that are related to the *Nightcrawler* film." *Id*. at 7.

First, Defendant does not have grounds to unilaterally re-write the Request. Bold Films does not even explain how it made the determination of what was "related to the *Nightcrawler* film." This is troubling. Defendants deny Soderbergh had any involvement in or relationship to the film and deny having any understanding of was meant when Soderbergh was described as "godfathering" the film. In addition, Plaintiff is entitled to explore other contexts in which Soderbergh "godfathered" films at Bold Films (or for the other Defendants). The response also appears inconsistent with Bold Films' claim that it had no contact with the making of *Nightcrawler* until after the film was completed. If so, how would Soderbergh 'godfather' the film.

7

Request 48:    "Produce all Documents, Communication and things mentioning, referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from Neil LaBute." *Id*. at 7.

Defendants responded by objecting "to this Document Request on the basis that it is overbroad, burdensome, disproportionate, and irrelevant.  Neil LaBute has had a number of interactions with Bold Films in the past, and accordingly, Bold Films has a number of documents and communications referencing him that are unrelated to the *Nightcrawler* film.  Subject to and without waiving their objections, Defendants respond that none of the documents referencing Neil LaBute are related in anyway to the *Nightcrawler* film.  Accordingly, Defendants decline to produce any documents in response to this Request."

 Once again, none of the objections are substantiated, and so are waived.  No explanation is given of how Defendants' interpreted their unilateral rewriting of the request.  Their supposition that only what they think concerns or is related to *Nightcrawler* is relevant and discoverable is error.  Plaintiff is entitled to examine the relationships that provide a conduit of access between Plaintiff's film, *Falling*, and *Nightcrawler*.  It is, after all, access that matters.  Plaintiff is not required to obtain a confession from Gilroy, but may make his case by, *inter alia*, showing that there was access between Gilroy and *Falling*.  (LaBute had a copy of *Falling*, a fact thayt shows that it is possible Defendants or Gilroy had access to it as well, and his communications with Defendants and Gilroy may provide direct proof of copying.)

Request 50:  Produce all Documents, Communication and things mentioning, referencing, concerning, relating to Scripture, LLC, including all corporate documents, all documents relating to ownership of Scripture, LLC, all documents concerning any relationships between Scripture, LLC, and any of the Defendants, and all documents relating to who invested

8

in or funded Scripture, LLC.  In response, Defendants take two contradictory positions.  First, they assert that Scripture is "nothing more than a subsidiary entity that Bold Films uses to acquire material from WGA writers."  On the other hand, Defendants object to the Request as "overbroad, burdensome, disproportionate, and irrelevant."  As with other objections, the Defendants merely list objections and do not make an effort to provide the basis for the objections.  Defendants have had ample opportunity to support their objections, but have declined to do so.  The objections are therefore waived.

Scripture LLC is a Delaware corporation.  As such, it is not required to list its members on any public corporate filings.  The only source of information concerning who (or what) owns Scripture LLC is Defendants themselves.  Production of this information is necessary to make sure Defendants account for every person or entity that had any involvement with *Nightcrawler*.

There are a number of highly unusual similarities between *Nightcrawler* and *Falling*.  Judge Benson, at the November 10, 2015, hearing on Defendants' Motion to Dismiss, noted:

> The fact that they are both based in Los Angeles, the fact that they both include videographers, the fact that both films involve a murder scene that is central to the plot, and the fact that ***there is some passing reference by the makers of Nightcrawler to the Mormon faith is maybe just the biggest coincidence on earth***."

[Tr., at 78 (emphasis added)]

Defendants contend that *Nightcrawler's* and Gilroy's allusions to the Mormon faith and the use of the Los Angeles Mormon Temple in the film are just coincidence.  The fact that Defendants' LLC's name expressly invokes religion may just be yet an even less likely coincidence.  In any event, documents related to the structure of Scripture LLC, and Scripture LLC's relationship with the Defendants, may show that *Nightcrawler's* otherwise inexplicable allusions to Mormonism are not just a coincidence, but provide evidence of direct copying.

9

Request 52: "Records sufficient to show all payments between Universal Studios Home Entertainment and Michael Robert Gale, including the payment of any royalties, from 1985 through the present date." *Id*. at 9. In response, Defendant objected "to this Document Request on the basis that it assumes facts and is disproportionate and irrelevant. Subject to and without waiving their objections, Defendants have no documents responsive to this Request." *Id*.

Mr. Gale has a long-standing relationship with Defendants, one that they elsewhere claim is so involved that it would be too burdensome to collect information about it. *See* pp. 4-5, 7-8, *supra* (regarding Interrogatory 13 and Request 25). Mr. Gale's *Back to the Future* film and activity involve Defendants, including named Defendant Universal Studios Home Entertainment. Hence it is very likely that there are responsive documents (or the objections to Interrogatory 13 and Request 25 are unfounded and misleading).

Request 53: "Produce all agreements, contracts, and Communications between Universal Studios Home Entertainment and Michael Robert Gale relating to promotion or marketing of Back to the Future and/or Back to the Future Day in the year 2014 and 2015." *Id*.

Defendants once again "object to this Document Request on the basis that it assumes facts and is disproportionate and irrelevant. Subject to and without waiving their objections, Defendants have no documents responsive to this Request." *Id*. at 10.

The objections are unsubstantiated and so waived. They are also inconsistent with the rest of the response. If there are no documents responsive to the Request, the Request cannot be disproportionate and it cannot be irrelevant. In addition, there is no objection to a document request that it "assumes facts." As the claim that there are no responsive documents is subject to the objections, it is hard to determine whether a proper search was made and what the parameters of the search were.

Dated November 11, 2016.

/s/ John H. Bogart

John H. Bogart (USB No. 8305)
**TELOS VG, PLLC**
299 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 535-4304
*jbogart@telosvg.com*

*Attorneys for Plaintiff,*
*Richard Dutcher*

**CERTIFICATE OF SERVICE**

   I, the undersigned, hereby certify that on November 11, 2016, a true and correct copy of the foregoing Motion to Compel was served by the Court's electronic notification system on all parties' counsel.

                       _/s/ John H. Bogart_
                         John H. Bogart