# EXHIBIT 1

Jeffrey J. Hunt (5855) (jhunt@parrbrown.com)
David C. Reymann (8495) (dreymann@parrbrown.com)
Cheylynn Hayman (9793) (chayman@parrbrown.com)
Megan J. Houdeshel (12429) (mhoudeshel@parrbrown.com)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750


*Attorneys for Defendants Bold Films LP, Bold Films Productions, LLC, Open Road Films, LLC, and NBCUniversal Media, LLC*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| RICHARD DUTCHER,<br><br>Plaintiff,<br><br>v.<br><br>BOLD FILMS LP, BOLD FILMS PRODUCTIONS, LLC, OPEN ROAD FILMS, LLC, and NBCUNIVERSAL MEDIA, LLC,<br><br>Defendants. | **RESPONSES TO PLAINTIFF RICHARD DUTCHER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**<br><br>Case No. 2:15-cv-00110-DB<br><br>Judge Dee Benson |

Pursuant to the Federal Rules of Civil Procedure, Defendants Bold Films LP, Bold Films Productions, LLC (collectively, "Bold Films"), Open Road Films, LLC ("Open Road Films"), and NBCUniversal Media, LLC ("NBCUniversal") (collectively, "Defendants") hereby object and respond to Plaintiff Richard Dutcher's First Set of Requests for Production of Documents to Defendants ("Document Requests").

## DEFINITIONS OF SPECIFIC OBJECTIONS

A.      "Vague and ambiguous" is defined to mean:  Defendants object on the basis that and insofar as the Document Request is vague, uncertain and ambiguous.

B.      "Overbroad" is defined to mean:  Defendants object on the basis that and insofar as the Document Request is overbroad and calls for an expansive potential breadth of documents that is unreasonable in scope and parameter.  *See* Fed. R. Civ. P. 26(b)(1).

C.      "Irrelevant" is defined to mean:  Defendants object on the basis that and insofar as the Document Request calls for documents that are irrelevant to the subject matter of this action. *See* Fed. R. Civ. P. 26(b)(1).

D.      "Disproportionate" is defined to mean:  Defendants object on the basis that and insofar as (1) the Document Request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; and (2) the burden or expense of responding to the proposed Document Request outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).

E.      "Duplicative" is defined to mean:  Defendants object on the basis that and insofar as the Document Request calls for documents that are unreasonably cumulative or duplicative of other discovery.  *See* Fed. R. Civ. P. 26(b)(C)(i).

F.      "Burdensome" is defined to mean:  Defendants object on the basis that the Document Request is so broad and uncertain that it creates an unreasonable and undue burden, and/or the documents sought are more readily obtainable through other, more convenient, less burdensome, or less expensive sources.  *See* Fed. R. Civ. P. 26(b)(C)(i).

4813-4792-1964

G.    "Compound" is defined to mean:  Defendants object on the basis that and insofar as the Document Request contains one or more discrete subparts each of which constitutes a separate Document Request.  *See* Fed. R. Civ. P. 33(a)(1).

H.    "Privileged" is defined to mean:  Defendants object on the basis that and insofar as the Document Request calls for information that is (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or contains mental impressions, conclusions, opinions or legal theories of counsel; (4) otherwise protected under Rule 26 of the Federal Rules of Civil Procedure; and/or (5) protected under any other valid privilege.

I.    "Premature" is defined to mean:  Defendants object on the basis that the Document Request calls for information not available at this stage of the litigation or calls for conclusions, opinions or theories that cannot be ascertained or developed prior to the completion of discovery or without the benefit of expert analysis.

J.    "Assumes facts" is defined to mean:  Defendants object on the basis that and insofar as the Document Request is based upon a premise or upon assumed facts that are or may be untrue or unsupported by the evidence in this matter.

K.    The phrase "Subject to and without waiving their objections," or words having similar effect, is defined to mean:  Notwithstanding the fact that Defendants will produce certain information and/or documents in response to a Document Request, information sought by the Document Request which is covered by a specific objection may not be produced.  Defendants will identify the scope of documents produced notwithstanding specific objections.

4813-4792-1964

Additional responsive and non-privileged documents, if any, will be produced by Defendants at a time mutually agreeable to the parties and/or by supplementation of these Responses.  Defendants reserve the right to supplement their Responses as additional information becomes available to Defendants and their counsel.

## <u>RESPONSES TO DOCUMENT REQUESTS</u>

<u>REQUEST NO. 1</u>:  Produce all Documents, Communications and things relating to NBCUniversal's acquisition of distribution rights in *Nightcrawler*. This request includes but is not limited to all documents in the chain of title, including rights acquisition agreements, talent agreements, production agreements, producing agreements, and writing agreements. This includes and is not limited to draft, unsigned, or unexecuted documents.

<u>RESPONSE TO REQUEST NO. 1</u>:  Defendants object to this Document Request on the basis that it assumes facts regarding the existence of "talent agreements," "writing agreements," and distribution rights by NBCUniversal, is overbroad and irrelevant regarding "production" and "producing" agreements, which are irrelevant to the acquisition of distribution rights for the *Nightcrawler* film; is vague and ambiguous regarding the meaning of "things" and "relating to;" and is duplicative insofar as it asks for the same agreements requested in Request No. 2.  Subject to and without waiving their objections, Defendants will produce all agreements reflecting the chain of title for acquisition and distribution of the film *Nightcrawler* from Rosie Jean, LLC through Universal Studios Home Entertainment LLC ("USHE").

<u>REQUEST NO. 2</u>:  Produce all Documents, Communications and things relating to Defendants' participation in the production, distribution, and selling of *Nightcrawler*.

RESPONSE TO REQUEST NO. 2:  Defendants object to this Document Request on the basis that it is vague and ambiguous regarding the meaning of "things," items "relating to" and "Defendant's participation in," and is overbroad, burdensome, disproportionate, and irrelevant insofar as it asks for information unrelated to the creation of the *Nightcrawler* screenplay or the distribution of and revenues and profits associated with the film.  Read literally, the Request could apply to every single piece of paper associated with *Nightcrawler*, which is beyond the scope of discovery and not proportional.  Subject to and without waiving their objections, Defendants refer Plaintiff to the chain of title agreements identified in response to Request No. 1 and the other documents produced in response to the individual Document Requests below.

REQUEST NO. 3:  Produce documents sufficient to identify the names and addresses of all persons associated with the writing (including but not limited to all persons who edited or reviewed any draft of the screenplay), producing, financing, directing, and creating of *Nightcrawler*.

RESPONSE TO REQUEST NO. 3:  Defendants object to this Document Request on the basis that it is overbroad and burdensome, insofar as it asks for information already available in the listed credits of the *Nightcrawler* film, is overbroad with respect to "producing" and "financing," and is irrelevant with respect to individuals listed in those credits who had nothing to do with the creative development of the *Nightcrawler* screenplay or film.  Subject to and without waiving their objections, Defendants will produce a list of the individuals named in the credits of the *Nightcrawler* film.  If Plaintiff identifies specific individuals whom he believes contributed to the creative development of the *Nightcrawler* screenplay or film, Defendants will

supplement their response to this Request No. 3 and produce documents containing the last known addresses for those relevant individuals, assuming such documents exist.

REQUEST NO. 4:  Produce all Documents, Communications, and things reflecting or relating to financial transactions related to *Nightcrawler* or occurring during the production of *Nightcrawler*.

RESPONSE TO REQUEST NO. 4:  Defendants object to this Document Request on the basis that it is overbroad, irrelevant, duplicative, and disproportionate insofar as it requests documents beyond what Defendants have agreed to produce in response to Document Requests Nos. 7, 8 and 9, and is vague and ambiguous regarding the meaning of "things" and "relating to." Subject to and without waiving their objections, Defendants refer plaintiff to their Responses to Requests Nos. 7, 8 and 9.

REQUEST NO. 5:  Produce all drafts of the *Nightcrawler* script from inception to final.

RESPONSE TO REQUEST NO. 5:  Defendants object to this Document Request on the basis that it assumes facts to the extent it assumes that Defendants have access to all drafts of the *Nightcrawler* screenplay and that Defendants participated in the creation of the *Nightcrawler* screenplay.  Subject to and without waiving their objections, Defendants respond that documents reflecting Mr. Gilroy's independent creation of the *Nightcrawler* screenplay, including drafts, will be available at the office of Defendants' counsel upon service of an appropriate subpoena to Mr. Gilroy.  Defendants will produce the first copy of the *Nightcrawler* screenplay Bold Films received, additional production drafts of the *Nightcrawler* screenplay, and a document containing portions of the *Nightcrawler* screenplay that were deleted from the film.

REQUEST NO. 6:  Produce all documents conveying an interest in or to rights in or relating to *Nightcrawler*, including all chain of title documents relating to rights in *Nightcrawler*.

RESPONSE TO REQUEST NO. 6:  Defendants object to this Document Request on the basis that it is vague and ambiguous regarding what "relating to rights" means and what "rights in or relating to *Nightcrawler*" means, and on the basis that this request is duplicative of Request No. 1.  Subject to and without waving their objections, Defendants refer Plaintiff to their Response to Request No. 1 and will produce additional domestic distribution agreements between Open Road and Paramount Pictures Corporation, Netflix, Inc., and Pasatiempo Pictures, Inc., respectively.

REQUEST NO. 7:  Produce all financial records relating to the domestic and international revenues of *Nightcrawler*, as well as all documents showing profits from VOD, BluRay, DVD, Netflix, and other secondary distribution markets.

RESPONSE TO REQUEST NO. 7:  Defendants object to this Document Request on the basis that "all financial records" is overbroad, vague and ambiguous, and disproportionate, and also on the basis that it assumes facts to the extent the request assumes that Open Road and NBCUniversal have rights to distribute *Nightcrawler* internationally.  Subject to and without waiving their objections, Defendants will produce the following financial statements of revenue and expenses for the *Nightcrawler* film: (1) Bold Films's Net Proceeds Statement, reflecting cumulative financial information with respect to Bold Films's distribution and sale of *Nightcrawler* through the period ending December 4, 2015; (2) Open Road's Accounting Statement to Bold Films for the Period Ended September 30, 2015, reflecting cumulative financial information with respect to Open Road's distribution of *Nightcrawler* through

7

September 30, 2015; and (3) USHE's redacted Accounting Statements to Open Road, for the period from February 1, 2015 through October 31, 2015, reflecting cumulative financial information with respect to USHE's distribution of *Nightcrawler* through October 31, 2015.

REQUEST NO. 8:  Produce Documents sufficient to show all of your gross sales revenues relating to *Nightcrawler*, including, without limitation, all merchandising, co-sales, and licensing revenues.

RESPONSE TO REQUEST NO.8:  Defendants object to this Document Request on the basis that it is vague and ambiguous with respect to the meaning of "co-sales" and "licensing revenues," and on the basis that it assumes facts regarding revenues obtained through merchandising rights.  Subject to and without waiving these objections, Defendants refer Plaintiff to their response to Request No. 7 and the statements of revenue and expenses from the distribution of *Nightcrawler* identified therein.

REQUEST NO. 9:  Produce all Documents, Communications, and things (including but not limited to written correspondence, electronic mail, and text messages) relating to the writing, editing, and any revisions to the script for *Nightcrawler*. This includes but is not limited to correspondence between Gilroy, Jennifer Fox, Jake Gyllenhall, or representatives of any Defendant.

RESPONSE TO REQUEST NO. 9:  Defendants object to this Document Request on the basis that it assumes facts regarding Defendants' participation in the writing, editing and revising of the script for *Nightcrawler*; is vague and ambiguous regarding the meaning of "things" and "relating to;" is overbroad and burdensome as to its request for "all" documents relating to the writing, editing and any revisions to the script for *Nightcrawler*, is overbroad, burdensome, and

8

irrelevant insofar as Dan Gilroy has already sworn under oath that he independently wrote the *Nightcrawler* script, and is duplicative of Request No. 5.  Subject to and without waiving their objections, Defendants refer Plaintiff to their Response to Request No. 5.

REQUEST NO. 10:  Produce all Documents, Communications, and things relating to any sources of inspiration and/or ideas for *Nightcrawler,* including, but not limited to, outlines, memos and correspondence.

RESPONSE TO REQUEST NO. 10:  Defendants object to this Document Request on the basis that it assumes facts regarding Defendants' contribution to the inspiration or idea for the *Nightcrawler* screenplay.  Subject to and without waiving their objections, Defendants respond that documents reflecting Mr. Gilroy's independent creation of the *Nightcrawler* screenplay, including outlines, memos, and correspondence, will be available at the office of Defendants' counsel upon service of an appropriate subpoena to Mr. Gilroy.

REQUEST NO. 11:  Produce all Documents, Communications, and things relating to when Defendants first became aware of *Falling*.

RESPONSE TO REQUEST NO. 11:  Defendants object to this Document Request on the basis that it is vague and ambiguous with respect to the meaning of "things relating to."  Subject to and without waiving this objection, with regard to Bold Films and Open Road, Defendants refer Plaintiff to the demand letter attached as Exhibit 2 to the Complaint.  With regard to NBCUniversal, Defendants refer Plaintiff to the privileged February 20, 2015 email between Andrew J. Thomas and David Burg, which will be identified on a privilege log to be produced.

REQUEST NO. 12:  Produce all Documents, Communications, and things relating to when Defendants first became aware of Richard Dutcher.

RESPONSE TO REQUEST NO. 12:  Defendants object to this Document Request on the basis that it is vague and ambiguous with respect to the meaning of "things relating to," and duplicative of Request No. 11.  Subject to and without waiving their objections, Defendants refer Plaintiff to their Response to Request No. 11.

REQUEST NO. 13:  Produce all rough concept scripts, treatments, outlines, final scripts in all iterations, deleted and/or unedited scenes, related to and of *Nightcrawler*.

RESPONSE TO REQUEST NO. 13:  Defendants object to this Document Request on the same bases set forth in Request Nos. 5 and 10.  Subject to and without waiving their objections, Defendants refer Plaintiff to their Response to Request No. 5.

REQUEST NO. 14:  Produce all production schedules relating to *Nightcrawler*, including but not limited to all documents identifying visitors on set or on location.

RESPONSE TO REQUEST NO. 14:  Defendants object to this Document Request on the basis that it assumes facts to the extent it assumes that Defendants kept a closed set and record of anyone that visited a set or location, and also on the basis that it is overbroad, burdensome, and irrelevant insofar as visitors on set would have no impact on the creation of the *Nightcrawler* screenplay.  Subject to and without waiving their objections, Defendants will produce production schedules.  Defendants have no Documents identifying visitors on set or on location.

REQUEST NO. 15:  Produce all Communications, including all correspondence, between Open Road, Bold Films, Bold Film Production, NBCUniversal, and Gilroy regarding the creation, production, filming, marketing, and/or distribution of *Nightcrawler*.

RESPONSE TO REQUEST NO. 15:  Defendants object to this Document Request on the basis that it is overbroad, irrelevant, burdensome, and disproportionate insofar as it requests

irrelevant correspondence regarding production, filming, marketing, and/or distribution of *Nightcrawler* drafted after the *Nightcrawler* screenplay was already finalized.  Defendants also object to this Document Request on the basis that it assumes facts to the extent it assumes that Open Road and NBCUniversal had any participation in the creation, production, or filming of *Nightcrawler*.  Subject to and without waiving these objections, Defendants are in the process of reviewing email correspondence and will supplement this response as appropriate upon completion of that review.

REQUEST NO. 16:  Produce all agreements, contracts, understandings, promises, memorandums of understandings, and/or letters of intent between any of the Defendants regarding the production, filming, merchandising, distribution, and/or release of *Nightcrawler*.

RESPONSE TO REQUEST NO. 16:  Defendants object to this Document Request on the basis that it is overbroad, vague and ambiguous, and irrelevant insofar as Plaintiff is asking for production and filming-related agreements, which have nothing to do with the creative development of the *Nightcrawler* screenplay.  Subject to and without waiving these objections, Defendants refer Plaintiff to the agreements identified in response to Request No. 1, which constitute all agreements between the Defendants regarding *Nightcrawler*.

REQUEST NO. 17:  To the extent not already produced in response to other Requests, produce all indemnity agreements between any of the Defendants relating to *Nightcrawler*.

RESPONSE TO REQUEST NO. 17:  Defendants refer Plaintiff to their Responses to Document Requests Nos. 1, 6, and 16, which include production of all relevant agreements involving indemnity between the Defendants.

11

REQUEST NO. 18:  Produce all insurance policies relating to any claim or defense in this Lawsuit.

RESPONSE TO REQUEST NO. 18:  Defendants will produce a copy of the insurance policy.

REQUEST NO. 19:  Produce all agreements, contracts, understandings, promises, memorandums of understandings, and/or letters of intent relating to *Nightcrawler,* whether directly or indirectly, that any Defendants, including Bold Films, has or has had with Gilroy, including but not limited to first-look agreements, financing agreements, exclusivity contracts, and any work-for-hire provisions or agreements.

RESPONSE TO REQUEST NO. 19:  Defendants object to this Document Request on the basis that it assumes facts regarding the existence of first-look agreements, financing agreements, exclusivity contracts and work-for-hire provisions or agreements, and on the basis that it is overbroad, irrelevant, and burdensome.  Subject to and without waiving their objections, Defendants respond that they are not aware of any such requested agreements, contracts, or understandings.

REQUEST NO. 20:  Produce all of Your document retention policies and related Documents from the time immediately before initiation of the development or creation of *Nightcrawler* to present.

RESPONSE TO REQUEST NO. 20:  Defendants object to this Document Request on the basis that it assumes facts regarding the existence of document retention policies, is vague and ambiguous regarding the scope of retention policy requested, invades the attorney-client and

12

attorney work product privileges, and is irrelevant and premature due to the fact that no allegation of document destruction or spoliation has been made in this case.

REQUEST NO. 21:  To the extent not already produced in response to other Requests, produce all distribution agreements, contracts, understandings, promises, memorandums of understandings, and/or letters of intent, including term sheets and deal memos, between Defendants NBCUniversal, Bold Films, Bold Film Productions and/or Open Road.

RESPONSE TO REQUEST NO. 21:  Defendants object to this Document Request on the basis that it assumes facts regarding the existence of distribution agreements between NBCUniversal and Bold Films, is overbroad and irrelevant to the extent it seeks production of agreements unrelated to *Nightcrawler*, and is duplicative of prior Requests.  Subject to and without waiving their objections, Defendants refer Plaintiff to their Response to Request No. 1.

REQUEST NO. 22:  Produce all agreements, contracts, understandings, promises, memorandums of understandings, and/or letters of intent with third party rights holders relating to *Nightcrawler* not listed as Defendants.

RESPONSE TO REQUEST NO. 22:  Defendants object to this Document Request on the basis that it is vague and ambiguous with respect to "understandings, promises, memorandums of understandings, and/or letters of intent" and assumes facts regarding the existence these documents.  Subject to and without waiving these objections, Defendants refer Plaintiff to their Response to Request No. 6, which includes all domestic distribution agreements for *Nightcrawler*.

REQUEST NO. 23:  Produce all guild agreements, contracts, understandings, promises, memorandums of understandings, letters of intent, term sheets, and/or deal memoranda with

anyone associated with *Nightcrawler*, including but not limited to Directors Guild, Writers Guild, and Screen Actors Guild.

RESPONSE TO REQUEST NO. 23:  Defendants object to this Document Request on the basis that it assumes facts regarding Defendants' possession or control of the identified agreements, and is overbroad, irrelevant, and burdensome in part because these agreements are not relevant to the development of the *Nightcrawler* screenplay and would encompass agreements having nothing to do with any aspect of *Nightcrawler*.  Defendants have elsewhere responded to requests that seek production of all relevant agreements relating to *Nightcrawler*. On the basis of these objections, Defendants decline to produce any additional documents responsive to this request.

REQUEST NO. 24:  To the extent not already produced in response to other Requests, produce all option/purchase agreements and all shopping agreements between any Defendants and any third parties relating to *Nightcrawler*.

RESPONSE TO REQUEST NO. 24:  Defendants are not aware of any documents responsive to this Request.

REQUEST NO. 25:  Produce all agreements, contracts, understandings, promises, memorandums of understandings, letters of intent, term sheets, and/or deal memoranda between NBCUniversal, its affiliates, parent companies, or aliases, and Robert Gale (including but not limited to merchandising or licensing agreements). This includes any contracts giving Gale licensing and merchandising approvals, payments, or residuals from the licensing and merchandising of any of his movies, or any intellectual property derived therefrom (such as

consumer goods, video games, and other derivative media), including but not limited to the *Back to the Future* franchise.

RESPONSE TO REQUEST NO. 25: Defendants object to this Document Request on the basis that it assumes facts, is overbroad, burdensome, irrelevant, and disproportionate insofar as Bob Gale had no financial or contractual relationship with the named defendant, NBCUniversal Media, LLC prior to this litigation, as stated in his Supplemental Declaration [Dkt. 63]. On the basis of these objections, Defendants decline to produce documents in response to this request.

REQUEST NO. 26: To the extent not already produced in response to other Requests, produce all agreements, contracts, understandings, promises, memorandums of understandings, letters of intent, term sheets, and/or deal memoranda between Defendant NBCUniversal, its parents, subsidiaries, or related companies and Robert Gale relating to Gale's capacity as producer or executive producer for the film *Back to the Future*, its sequels, and the *Back to the Future* franchise. This includes, but is not limited to, any promotional activity related to promoting *Back to the Future*, its sequels, and the *Back to the Future* franchise in the current year and over the past two years.

RESPONSE TO REQUEST NO. 26: Defendants object to this Document Request on the basis that it is overbroad and irrelevant to the extent it requests documents regarding entities other than the named defendant NBCUniversal Media, LLC. Defendants further object to this Document Request on the basis that its expansive request for contractual and financial information is overbroad, burdensome, disproportionate, and irrelevant to this litigation, and seeks the production of confidential and proprietary information. On the basis of these objections, Defendants decline to produce documents in response to this request.

REQUEST NO. 27:  To the extent not already produced in response to other Requests, produce all financial agreements and financial statements in Your possession, custody, or control relating to payments made by any Defendant or its affiliates to Robert Gale for the past ten years.

RESPONSE TO REQUEST NO. 27:  Defendants object to this Document Request on the basis that it assumes facts, is overbroad, burdensome, irrelevant, and disproportionate insofar as Bob Gale had no financial or contractual relationship with NBCUniversal Media, LLC, Open Road, or Bold Films prior to this litigation, as stated in his Supplemental Declaration [Dkt. 63.] On the basis of these objections, Defendants decline to produce any documents in response to this request.

REQUEST NO. 28:  Produce all Documents, Communications and things referring to, mentioning, referencing, or relating to Mr. Dutcher.

RESPONSE TO REQUEST NO. 28:  Defendants object to this Document Request on the basis that it assumes facts regarding Defendants' knowledge of or prior reference to Mr. Dutcher or *Falling* (or the person of any of the entities listed in Requests No. 29-33) prior to the filming and completion of *Nightcrawler*.  Defendants also object on the basis that this Document Request is vague and ambiguous regarding "things," and is overbroad, burdensome, and irrelevant insofar as it asks for Communications from Open Road Films or NBCUniversal, neither of which had any involvement in the creative development or production of *Nightcrawler*—making knowledge of Mr. Dutcher or *Falling* (or the person of any of the entities listed in Requests No. 29-33) completely irrelevant.  Subject to and without waiving their objections, Defendants will produce relevant non-privileged Correspondence, if any, containing

16

reference to Plaintiff, *Falling*, Mark Victor, Main Street Movie Company, Destiny Entertainment, LLC, and/or Zion Films, Inc. listed in Document Requests Nos. 28-33.

REQUEST NO. 29:  Produce all Documents, Communications and things referring to, mentioning, referencing, or relating to *Falling*.

RESPONSE TO REQUEST NO. 29:  See Defendants' Response to Request No. 28, which is incorporated by reference herein.

REQUEST NO. 30:  Produce all Documents, Communications and things referring to, mentioning, referencing, or relating to Mark Victor.

RESPONSE TO REQUEST NO. 30:  See Defendants' Response to Request No. 28, which is incorporated by reference herein.

REQUEST NO. 31:  Produce all Documents, Communications and things referring to, mentioning, referencing, or relating to Main Street Movie Company.

RESPONSE TO REQUEST NO. 31:  See Defendants' Response to Request No. 28, which is incorporated by reference herein.

REQUEST NO. 32:  Produce all Documents, Communications and things referring to, mentioning, referencing, or relating to Destiny Entertainment, LLC.

RESPONSE TO REQUEST NO. 32:  See Defendants' Response to Request No. 28, which is incorporated by reference herein.

REQUEST NO. 33:  Produce all Documents, Communications and things referring to, mentioning, referencing, or relating to Zion Films, Inc.

RESPONSE TO REQUEST NO. 33:  See Defendants' Response to Request No. 28, which is incorporated by reference herein.

REQUEST NO. 34:  Produce all Documents, Communications and things referenced, referred to, identified or requested to be identified by You in response to Plaintiff Richard Dutcher's First Set of Interrogatories to Defendants.

RESPONSE TO REQUEST NO. 34:  Defendants object to this Document Request on the basis that it is vague and ambiguous as to "things" and "referenced, referred to, identified or requested to be identified," to the extent that Defendants have objected to the identification of specific information in response to Plaintiff's Interrogatories, and to the extent that Defendants have relied upon privileged documents in preparing their responses.  Subject to and without waiving their objections, Defendants will produce copies of all non-privileged documents they have identified or otherwise referenced in their Interrogatories, with the exception of the demand letter attached to the Complaint as Exhibit 2, the production of which would be needlessly duplicative.

REQUEST NO. 35:  Produce all Documents, Communications, and things reviewed and/or relied on by You in preparing any responses to Plaintiff Richard Dutcher's First Set of Interrogatories to Defendants.

RESPONSE TO REQUEST NO. 35:  Defendants object to this Document Request on the basis that it is overbroad and requests documents that are privileged.  Subject to and without waiving these objections, Defendants refer Plaintiff to the documents produced in response to these Document Requests.

REQUEST NO. 36:  Produce all Documents, Communications, and things supporting, evidencing, contradicting, or otherwise relating to Defendants' responses to Plaintiff Richard Dutcher's First Set of Interrogatories to Defendants.

18

RESPONSE TO REQUEST NO. 36:  Defendants object to this Document Request on the basis that it is overbroad, requests privileged information, and is vague and ambiguous in its request to produce "things" and documents "evidencing, contradicting, or otherwise relating to" Defendants' Responses.  Subject to and without waiving these objections, Defendants are unaware of any documents that contradict their responses to Plaintiff's First Set of Interrogatories.  As for the remaining non-privileged documents requested, Defendants refer Plaintiff to the documents produced in response to these Document Requests.

REQUEST NO. 37:  Produce all Documents, Communications, and things relating to each of Your responses to Plaintiff Richard Dutcher's First Set of Requests for Admissions to You, including, all Documents supporting an admission and all documents supporting a denial for each of Your responses.

RESPONSE TO REQUEST NO. 37:  Defendants object to this Document Request on the basis that it is overbroad, requests privileged documents, is compound, and is vague and ambiguous regarding its request to produce "things."  Subject to and without waiving these objections, Defendants refer Plaintiff to Dan Gilroy's Declaration [Dkt. 33-1], and the films *Nightcrawler* and *Falling*.

REQUEST NO. 38:  Produce all Documents, Communications, and things relating to each of Your Affirmative Defenses.

RESPONSE TO REQUEST NO. 38:  Defendants object to this Document Request on the basis that it is overbroad, compound, and requests privileged documents.  Subject to and without waiving these objections, Defendants refer Plaintiff to the documents produced in response to these Document Requests.

REQUEST NO. 39:  To the extent not otherwise produced in response to other Requests, Documents, Communications, and things relating to any claim of *scenes a faire*.

RESPONSE TO REQUEST NO. 39:  Defendants object to this Document Request on the basis that it is vague, overbroad, duplicative, and burdensome insofar as it asks for a legal conclusion and has already been addressed by Defendants' expert, Robert Gale, in his report filed in conjunction with Defendants Opposition to Preliminary Injunction.  *See* [Dkt. 33-5.] Defendants refer Plaintiff to the discussion of *scenes a faire* in Mr. Gale's expert report and the prior works referenced therein, all of which are publicly available to Plaintiff.

DATED this 19th day of January 2016.

AS TO OBJECTIONS:

PARR BROWN GEE & LOVELESS, P.C.


/s/ Cheylynn Hayman
Jeffrey J. Hunt
David C. Reymann
Cheylynn Hayman
Megan J. Houdeshel
Attorneys for Defendant Bold Films LP, Bold Films Productions, LLC, Open Road Films, LLC, and NBCUniversal Media, LLC

20

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 19th day of January 2016, I served the foregoing

**RESPONSES TO PLAINTIFF RICHARD DUTCHER'S FIRST SET OF REQUESTS**

**FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** via email on the following:

Perry S. Clegg (pclegg@cleggiplaw.com)
CLEGG, P.C.
299 South Main, Suite 1300
Salt Lake City, UT 84111

Stephen Silverman (steve@stephensilverman.com)
STEPHEN SILVERMAN LAW
9304 E. Raintree Drive, Suite 120
Scottsdale, AZ  85258

Joseph D. Young (josephdyoung7@gmail.com)
COVEY & YOUNG, PLLC
2150 South 1300 East, Suite 500
Salt Lake City, UT  84106

/s/ Cheylynn Hayman

4813-4792-1964