# EXHIBIT 2

Jeffrey J. Hunt (5855) (jhunt@parrbrown.com)
David C. Reymann (8495) (dreymann@parrbrown.com)
Cheylynn Hayman (9793) (chayman@parrbrown.com)
Megan J. Houdeshel (12429) (mhoudeshel@parrbrown.com)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

*Attorneys for Defendants Bold Films LP, Bold Films Productions, LLC, Open Road Films, LLC, NBCUniversal Media, LLC, and Universal Studios Home Entertainment, LLC*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| RICHARD DUTCHER,<br><br>        Plaintiff,<br><br>v.<br><br>BOLD FILMS LP, BOLD FILMS PRODUCTIONS, LLC, OPEN ROAD FILMS, LLC, NBCUNIVERSAL MEDIA, LLC, and UNIVERSAL STUDIOS HOME ENTERTAINMENT, LLC<br><br>        Defendants. | **RESPONSES TO PLAINTIFF RICHARD DUTCHER'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**<br><br><br>Case No. 2:15-cv-00110-DB<br><br>Judge Dee Benson |

Pursuant to the Federal Rules of Civil Procedure, Defendants Bold Films LP, Bold Films Productions, LLC (collectively, "Bold Films"), Open Road Films, LLC ("Open Road Films"), NBCUniversal Media, LLC ("NBCUniversal"), and Universal Studios Home Entertainment, LLC ("USHE") (collectively, "Defendants") hereby object and respond to Plaintiff Richard Dutcher's Second Set of Requests for Production of Documents to Defendants.

<u>DEFINITIONS OF SPECIFIC OBJECTIONS</u>

A.      "Overbroad" is defined to mean:  Defendants object on the basis that and insofar as the Document Request is overbroad and calls for an expansive potential breadth of documents that is unreasonable in scope and parameter.  *See* Fed. R. Civ. P. 26(b)(1).

B.      "Irrelevant" is defined to mean:  Defendants object on the basis that and insofar as the Document Request calls for documents that are irrelevant to the subject matter of this action. *See* Fed. R. Civ. P. 26(b)(1).

C.      "Disproportionate" is defined to mean:  Defendants object on the basis that and insofar as (1) the Document Request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues; and (2) the burden or expense of responding to the proposed Document Request outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).

D.      "Duplicative" is defined to mean:  Defendants object on the basis that and insofar as the Document Request calls for documents that are unreasonably cumulative or duplicative of other discovery.  *See* Fed. R. Civ. P. 26(b)(C)(i).

E.      "Burdensome" is defined to mean:  Defendants object on the basis that the Document Request is so broad and uncertain that it creates an unreasonable and undue burden, and/or the documents sought are more readily obtainable through other, more convenient, less burdensome, or less expensive sources.  *See* Fed. R. Civ. P. 26(b)(C)(i).

F.      "Privileged" is defined to mean:  Defendants object on the basis that and insofar as the Document Request calls for information that is (1) protected by the attorney-client

privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or contains mental impressions, conclusions, opinions or legal theories of counsel; (4) otherwise protected under Rule 26 of the Federal Rules of Civil Procedure; and/or (5) protected under any other valid privilege.

G.      "Assumes facts" is defined to mean:  Defendants object on the basis that and insofar as the Document Request is based upon a premise or upon assumed facts that are or may be untrue or unsupported by the evidence in this matter.

H.      "Vague and ambiguous" is defined to mean:  Defendants object on the basis that and insofar as the Document Request is vague, uncertain and ambiguous.

I.      The phrase "Subject to and without waiving their objections," or words having similar effect, is defined to mean:  Notwithstanding the fact that Defendants will produce certain information and/or documents in response to a Document Request, information sought by the Document Request which is covered by a specific objection may not be produced.  Defendants will identify the scope of documents produced notwithstanding specific objections.

Additional responsive and non-privileged documents, if any, will be produced by Defendants at a time mutually agreeable to the parties and/or by supplementation of these Responses.  Defendants reserve the right to supplement their Responses as additional information becomes available to Defendants and their counsel.

## RESPONSES TO DOCUMENT REQUESTS

REQUEST NO. 38:  Produce all Documents, Communications and things identified, referred to, and/or otherwise disclosed in Defendant's Rule 26(a)(1) disclosures, including any initial, supplemental, or amended disclosures.

RESPONSE TO REQUEST NO. 38:  Defendants object to this Document Request on the basis that it is duplicative of the duty to disclose information identified in its 26(a)(1) disclosures. Subject to and without waiving their objections, Defendants have already produced or offered to make available to Plaintiff all relevant documents and things responsive to this request.

REQUEST NO 39:  Produce all Documents, Communications and things relied upon and/or reviewed by You in preparing your Rule 26(a)(1) disclosures, including any initial, supplemental, or amended disclosures.

RESPONSE TO REQUEST NO. 39:  Defendants object to this Document Request on the basis that it is duplicative and calls for privileged information and documents.  Subject to and without waiving their objections, Defendants refer Plaintiff to their response to Request No. 38.

REQUEST NO. 40:  For each of the Defendants, produce all insurance policies and/or all documents relating to any self-insurance or indemnification that any of the Defendants may rely on, have, or operate and that may be utilized or relied on by any of the Defendants to pay any legal fees, settlements, judgments, or indemnification associated with the Lawsuit.

RESPONSE TO REQUEST NO. 40:  Defendants object to this Document Request on the basis that it is duplicative of Document Request No. 18.  Subject to and without waiving their objections, Defendants have no further documents to produce in response to this Request.

SPECIFIC OBJECTIONS REGARDING REQUEST NOS. 41-51: Open Road, NBCUniversal, and USHE object to these Requests not only for the reasons stated in response to each individual Document Request but also on the basis that the Requests are overbroad, irrelevant, disproportionate, and burdensome to those specific Defendants, inasmuch as neither Open Road, NBCUniversal, nor USHE had involvement in the creation of the content of the

4

*Nightcrawler* film.  As previously stated, Open Road did not begin negotiating with Bold Films

for the domestic distribution rights to *Nightcrawler* until the film was substantially completed

and USHE had no involvement whatsoever until the film was already released.  As such, any

documents that refer or relate to any of the individuals or entities identified in those requests are

completely irrelevant.  Because Bold Films is differently situated, it responds to each Document

Request as set forth below.

REQUEST NO. 41:  Produce all Documents, Communications and things mentioning,

referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from

Rich Cowgill.

RESPONSE TO REQUEST NO. 41:  Defendants object to this Document Request on the

basis that it is overbroad, burdensome, disproportionate, and irrelevant.  Subject to and without

waiving their objections, Bold Films has no documents responsive to this Request.

REQUEST NO. 42:  Produce all Documents, Communications and things mentioning,

referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from

Mark Victor.

RESPONSE TO REQUEST NO. 42:  Defendants object to this request on the basis that it

is overbroad, burdensome, disproportionate, and duplicative.  Subject to and without waiving

these objections, Bold Films will produce all documents responsive to this request.  *See*

BOLD009585-9625.

REQUEST NO. 43:  Produce all Documents, Communications and things mentioning,

referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from

Jeff Chamberlin.

RESPONSE TO REQUEST NO. 43:  Defendants object to this Document Request on the basis that it is overbroad, burdensome, disproportionate, and irrelevant.  Subject to and without waiving these objections, Bold Films has no documents responsive to this Request.

REQUEST NO. 44:  Produce all Documents, Communications and things mentioning, referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from Howard Raishbrook.

RESPONSE TO REQUEST NO. 44:  Defendants object to this Document Request on the basis that it is overbroad, burdensome, disproportionate, and irrelevant.  Defendants also object on the basis that it is duplicative of previous requests.  Subject to and without waiving these objections, Bold Films has no additional documents responsive to this Request that have not already been produced in this litigation.

REQUEST NO. 45:  Produce all Documents, Communications and things mentioning, referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from Marc Raishbrook.

RESPONSE TO REQUEST NO. 45:  Defendants object to this Document Request on the basis that it is overbroad, burdensome, disproportionate, and irrelevant.  Defendants also object on the basis that it is duplicative of previous requests.  Subject to and without waiving these objections, Bold Films has no additional documents responsive to this Request that have not already been produced in this litigation.

REQUEST NO. 46:  Produce all Documents, Communications and things mentioning, referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from Austin Raishbrook.

6

RESPONSE TO REQUEST NO. 46:  Defendants object to this Document Request on the basis that it is overbroad, burdensome, disproportionate, and irrelevant.  Defendants also object on the basis that it is duplicative of previous requests.  Subject to and without waiving these objections, Bold Films has no additional documents responsive to this Request that have not already been produced in this litigation.

REQUEST NO. 47:  Produce all Documents, Communications and things mentioning, referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from Steven Soderbergh.

RESPONSE TO REQUEST NO. 47:  Defendants object to this Document Request on the basis that it is overbroad, burdensome, disproportionate, and irrelevant.  Steven Soderbergh has worked on a number of projects with Bold Films that are completely unrelated to *Nightcrawler*. Accordingly, Bold Films has a number of documents and communications referencing Steven Soderbergh that are unrelated to the *Nightcrawler* film.  Subject to and without waiving these objections, Bold Films will produce documents referencing Steven Soderbergh that are related to the *Nightcrawler* film.  *See* BOLD009565-9584.

REQUEST NO. 48:  Produce all Documents, Communications and things mentioning, referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from Neil LaBute.

RESPONSE TO REQUEST NO. 48:  Defendants object to this Document Request on the basis that it is overbroad, burdensome, disproportionate, and irrelevant.  Neil LaBute has had a number of interactions with Bold Films in the past, and accordingly, Bold Films has a number of documents and communications referencing him that are unrelated to the *Nightcrawler* film.

7

Subject to and without waiving their objections, Defendants respond that none of the documents referencing Neil LaBute are related in any way to the *Nightcrawler* films.  Accordingly, Defendants decline to produce any documents in response to this Request.

REQUEST NO. 49:  Produce all Documents, Communications and things mentioning, referencing, concerning, relating to, created by, prepared or drafted by, sent to, or received from Scott Lane Pacheco.

RESPONSE TO REQUEST NO. 49:  Defendants object to this Document Request on the basis that it is overbroad, burdensome, disproportionate, and irrelevant.  Subject to and without waiving these objections, Bold Films has no documents responsive to this Request.

REQUEST NO. 50:  Produce all Documents, Communications and things mentioning, referencing, concerning, relating to Scripture, LLC, including all corporate documents, all documents relating to ownership of Scripture, LLC, all documents concerning any relationship between Scripture, LLC and any of the Defendants, and all documents relating to who invested in or funded Scripture LLC.

RESPONSE TO REQUEST NO 50:  Defendants object to this Document Request on the basis that it is overbroad, burdensome, disproportionate, and irrelevant due to the fact that Bold Films has already produced the relevant agreements involving Scripture, LLC related to the *Nightcrawler* film.  [*See* BOLD000001-21; BOLD0000205-209; BOLD009285-9305; BOLD009309-9313.]  Scripture, LLC is nothing more than a subsidiary entity that Bold Films uses to acquire material from WGA writers.  This is evidenced by the documents that Bold Films has already produced in this case, which reflect that Scripture, LLC acquired the rights to the *Nightcrawler* screenplay on September 11, 2013, and then turned around and immediately

8

assigned those same rights to Bold Films Productions, LLC a mere four days later, on September 15, 2013.  [*See id.*]  Screenplays that Scripture, LLC has acquired or may be in the process of acquiring from other writers other than Dan Gilroy are wholly irrelevant to the current litigation and proprietary to Bold Films.  As such, Bold Films declines to produce any additional documents that refer, concern, or relate to Scripture, LLC.

REQUEST NO. 51:  Produce all Documents, Communications and things mentioning, referencing, concerning, relating to Stringers LA or created, prepared, or drafted by or sent to, or received from any person involved in the making, filming, or production of Stringers LA.

RESPONSE TO REQUEST NO. 51:  Defendants object to this Document Request on the basis that it is overbroad, burdensome, disproportionate, irrelevant, and vague and ambiguous with regard to which persons were "involved in the making, filming, or production of Stringers LA."  Subject to and without waiving these objections, Bold Films has no documents responsive to this Request.

REQUEST NO. 52:  Records sufficient to show all payments between Universal Studios Home Entertainment and Michael Robert Gale, including the payment of any royalties, from 1985 through the present date.

RESPONSE TO REQUEST NO. 52:  Defendants object to this Document Request on the basis that it assumes facts and is disproportionate and irrelevant.  Subject to and without waiving their objections, Defendants have no documents responsive to this Request.

REQUEST NO. 53:  Produce all agreements, contracts, and Communications between Universal Studios Home Entertainment and Michael Robert Gale relating to promotion or marketing of Back to Future and/or Back to the Future Day in the years 2014 and 2015.

<u>RESPONSE TO REQUEST NO. 53</u>:  Defendants object to this Document Request on the basis that it assumes facts and is disproportionate and irrelevant.  Subject to and without waiving their objections, Defendants have no documents responsive to this Request.

DATED this 7th day of October 2016.

AS TO OBJECTIONS:

PARR BROWN GEE & LOVELESS, P.C.

/s/ Cheylynn Hayman
Jeffrey J. Hunt
David C. Reymann
Cheylynn Hayman
Megan J. Houdeshel
Attorneys for Defendant Bold Films LP, Bold Films
Productions, LLC, Open Road Films, LLC,
NBCUniversal Media, LLC, and Universal Studios
Home Entertainment, LLC

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of October 2016, I served the foregoing

**RESPONSES TO PLAINTIFF RICHARD DUTCHER'S SECOND SET OF REQUESTS**

**FOR PRODUCTION OF DOCUMENTS** via email on the following:

Perry S. Clegg (pclegg@cleggiplaw.com)
CLEGG, P.C.
299 South Main, Suite 1300
Salt Lake City, UT 84111

Stephen Silverman (steve@stephensilverman.com)
STEPHEN SILVERMAN LAW
9304 E. Raintree Drive, Suite 120
Scottsdale, AZ  85258

John Bogart (jbogart@telosvg.com)
Telos VG, PLLC
299 South Main, Suite 1300
Salt Lake City, UT 84111

/s/ Cheylynn Hayman

11

4820-5259-8073