**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **RICHARD DUTCHER,**<br><br>           **Plaintiff,**<br><br>**v.**<br><br>**BOLD FILMS LP; BOLD FILMS PRODUCTIONS, LCC; OPEN ROAD FILMS, LLC; NBCUNIVERSAL MEDICAL, LLC; and UNIVERSAL STUDIOS HOME ENTERTAINMENT, LLC,**<br><br>           **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br>**and**<br>**SECOND AMENDED SCHEDULING ORDER**<br><br>**Case No. 2:15-cv-110**<br><br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Richard Dutcher's ("Plaintiff") motion to amend the Amended Scheduling Order.[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 80.

[2] *See* docket no. 93.

On February 29, 2016, the court issued a Scheduling Order that set the end of fact discovery for August 29, 2016.[3]  The court then issued an Amended Scheduling Order on June 20, 2016, that extended fact discovery until November 15, 2016.[4]  Plaintiff has now filed the instant motion to amend the Amended Scheduling Order, requesting that this court extend the pretrial scheduling deadlines six months and increase the number of depositions accorded to each side from ten depositions to thirty depositions.  While Bold Films LP, et al. (collectively, "Defendants") oppose Plaintiff's motion in its entirety, they did offer Plaintiff an additional eight depositions and an extension of the deadlines to accommodate those depositions.

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order may only be modified for "good cause" and "with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The court considers the following factors in determining whether good cause exists to extend or reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 170 (10th Cir. 1987).  The court concludes that these factors weigh in favor of amending the scheduling order.  Furthermore, while Defendants have opposed the request, they have acquiesced in allowing a small extension as well as some additional depositions.

---

[3] *See* docket no. 85.

[4] *See* docket no. 92.

In addition, Rule 26(b)(1) provides the following six factors for determining the relative scope of discovery allowed in each action: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Because this lawsuit involves allegations of copyright infringement, the amount in controversy has the potential to be significant and discovery is essential to determine whether or not Defendants had access to Plaintiff's film before creating and producing their film. Additionally, Plaintiff has identified six potential third-party witnesses to depose through recently obtained discovery. Plaintiff does not, however, provide a sufficient rationale for why twenty additional depositions are required or proportional to the scope of discovery in this action.

Based on the foregoing, the court concludes that good cause exists to **GRANT** Plaintiff's Motion to Amend the Amended Scheduling Order. That said, the court will limit the extension based on the factors discussed above. Specifically, the pretrial scheduling deadlines will be extended two months, rather than the originally six months requested by Plaintiff. Additionally, the amount of depositions accorded to each side will be increased to eighteen (18) depositions, which reflect the amount originally offered by Defendants and allows for depositions of all third-party witnesses identified in Plaintiff's motion. Should additional depositions be necessary, Plaintiff may file an appropriate motion that details the reason further discovery is necessary.

The new scheduling order deadlines are as follows:

| Event | Date |
|---|---|
| Fact discovery deadline | 1/16/2017 |
| Expert reports deadline | 2/6/2017 |
| Counter reports deadline | 3/15/2017 |
| Expert discovery deadline | 4/17/2017 |
| Deadline for filing dispositive motions and/or motions to exclude expert testimony | 5/30/2017 |
| Rule 26(a)(3) Pretrial disclosures:<br>    Plaintiff<br>    Defendant | 8/28/2017<br>9/11/2017 |
| Special attorney conference and settlement conference on or before | 9/25/2017 |
| Final pretrial conference | 10/16/2017 at 2:30 p.m. |
| Jury trial (5 days) | 10/30/2017 at 8:30 a.m. |

**IT IS SO ORDERED**.

DATED this 28th day of November, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge