# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **RICHARD DUTCHER,**  Plaintiff,  v.  **BOLD FILMS LP; BOLD FILM PRODUCTIONS, LLC; OPEN ROAD FILMS, LLC; NBC UNIVERSAL MEDIA, LLC; and UNIVERSAL STUDIOS HOME ENTERTAINMENT, LLC,**  Defendants. | **MEMORANDUM DECISION AND ORDER**  **Case No. 2:15-cv-110-DB-PMW**  **District Judge Dee Benson**  **Chief Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Richard Dutcher's ("Plaintiff") three motions to compel various discovery requests from Bold Films LP; Bold Films Productions, LLC; Open Road Films, LLC; NBC Universal Media, LLC; and Universal Studios Home Entertainment, LLC (collectively, "Defendants").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] Dkt. no. 80.

[2] Dkt. nos. 100, 101, and 106.

**BACKGROUND**

In 1999, Plaintiff wrote the screenplay for the movie *Falling*. Plaintiff's movie was filmed in 2007, at which time he registered a copyright with the United States Copyright Office. Plaintiff screened the movie in limited theaters in Los Angeles and Salt Lake City, and he distributed a small number of DVDs. Plaintiff also planned to release the film on DVD and Blu-Ray in 2015, as well as adapt *Falling* for a mass-market release.

In 2014, Defendants released the movie *Nightcrawler* in theaters and subsequently distributed the movie for home viewing. Plaintiff contends that *Nightcrawler* contains striking similarities with *Falling*, and that *Nightcrawler* either copies directly or is substantially similar to the protected elements of *Falling*. Thus, Plaintiff filed the instant lawsuit against Defendants for copyright infringement.

Plaintiff received Defendants' responses to his discovery requests and found them to be deficient in several respects. After an unsuccessful meet and confer, Plaintiff filed the instant three motions: (1) motion to compel supplemental responses to interrogatories; (2) motion to compel supplemental responses to discovery; and (3) motion to compel production of documents.

**DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant" to a party's claim or defense. *Smith v.*

*MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991). That said, if the requested discovery is "unreasonably cumulative or duplicative, or can be obtained from a source that is more convenient, less burdensome, or less expensive," the court is required to limit the frequency or extent of discovery. Fed. R. Civ. P. 26(b)(2)(C)(i). Additionally, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," by "forbidding the disclosure or discovery . . . ." Fed. R. Civ. P. 26(c)(1); *see also* DUCivR 26-2. The court should also consider the "needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). With these standards in mind, the court now turns to Plaintiff's motions.[3]

   I.   **Plaintiff's Motion to Compel Supplemental Responses to Interrogatories**

Plaintiff argues that Defendants' objections to four of his interrogatories are improper. The court will address each interrogatory and related objection in turn.

**Interrogatory No. 9:** "Describe in detail the creation of *Nightcrawler*, including when it was created, by whom, in what capacity the author created the work, the time spent, the methodology used, and any other related information."[4]

---

[3] In each motion to compel, Plaintiff repeatedly argues that Defendants have waived any objections to the requested discovery because they did not set forth their objections with the requisite specificity. Rule 34(b)(2)(B) requires a party to "state with specificity the grounds for objecting to the request." Fed. R. Civ. P. 34(b)(2)(B); *see also* Fed. R. Civ. P. 33(b)(4). However, the court concludes that Defendants' objections comply with the rules. Therefore, Plaintiff's argument is unavailing.

[4] Dkt. no. 100 at 2.

3

Defendants contend that they have provided all of the documents in their possession related to the creation of *Nightcrawler* and that they do not possess any other information to supplement this interrogatory. Defendants assert that they were not involved in the creation of *Nightcrawler* as they acquired the screenplay after Dan Gilroy authored it; nevertheless, Defendants produced the following discovery as it relates to *Nightcrawler*: (1) every draft of every screenplay that was modified in any respect during the production process, (2) scripts identifying every scene that was deleted from the screenplay, (3) the film footage of every deleted scene that Plaintiff requested, (4) all footage taken for the opening credit montage, (5) a list of every cast and crew member who had any substantive involvement in the production of the film, and (6) copies of every agreement related to Bold Films's purchase of the screenplay as well as agreements involving the subsequent production and distribution of the film.

Because the screenplay for *Nightcrawler* was written and completed by Mr. Gilroy before Bold Films purchased it and Defendants have already produced all documents in their possession concerning the creation and production of *Nightcrawler*, Defendants have nothing else to produce in response to this interrogatory. Accordingly, this portion of Plaintiff's Motion to Compel with respect to Interrogatory No. 9 is DENIED.

**Interrogatory No. 13:** "For each entity listed in Robert Gale's Report of May 24, 2015 . . . in this Lawsuit that is in any way affiliated with NBCUniversal or any of its subsidiaries, predecessors, or joint venture partners, Identify all agreements, contracts, understandings, promises, memorandums of understandings, and/or letters of intent relating to the management,

control, operation, financing, or payments between NBCUniversal (or any predecessor) and the entity listed in Robert Gale's Report."[5]

Plaintiff asserts that the requested information is relevant to the credibility of Defendants' expert witness Robert Gale. Defendants argue that the information Plaintiff seeks is outside the scope of discovery, irrelevant, and overly burdensome to produce. While Mr. Gale's financial involvement with Defendants may reflect on his credibility, NBCUniversal is part of a large corporate entity, with many affiliates, partners, and joint ventures. Tracking down every corporate affiliate of NBCUniversal cited in Mr. Gale's extensive resume to retrieve financial information is a challenging and time-consuming task. Furthermore, Plaintiff has not alleged that the internal management of NBCUniversal and its affiliates or subsidiaries has anything to do with this copyright infringement case.

The court concludes that any potential relevance these documents might contain is not proportional to the needs of the case, and the burden of production on Defendants outweighs any likely benefit for Plaintiff. Accordingly, this portion of Plaintiff's Motion to Compel with respect to Interrogatory No. 13 is DENIED.

**Interrogatory No. 14:** "For all Documents, communications, films/videos, and things identified, referred to, and/or otherwise disclosed in Defendants' Rule 26(a)(1) disclosures, including any initial, supplemental, or amended disclosures, specifically Identify by page or time number the portions of said Documents, Communications, films/videos, and/or things on which

---

[5] Dkt. no. 100-1 at 19.

you intend to rely to support any defenses and explain in detail how said identified portions support your defenses."[6]

Plaintiff asserts that he is entitled to know exactly which documents will be used by Defendants at trial because the purpose of discovery is to remove trial by surprise. In their response to this interrogatory, Defendants directed Plaintiff towards the general document groups on which they intend to rely at trial and argue that anything more would be a roadmap to Defendants' trial strategy. Defendants also maintain that producing the documents would disclose attorney work product by giving Plaintiff an impermissible view into the mental impressions and legal theories of the case. Finally, Defendants argue that, as a practical matter, they have not selected exactly which documents will be used at trial, and therefore cannot provide that information at this time.

The court is not inclined to require Defendants to choose, at this stage in the case, the exact documents they plan to use at trial. Discovery is ongoing. While both parties may know the broad strokes of their main arguments, they likely do not yet know how their arguments will be framed and/or exactly which documents, including some documents that may still be discovered, they intend to use to support those arguments. Defendants have not yet made determinations as to which documents, communications, films, videos or things they intend to use at trial, and Defendants have no plans to make those determinations until it is apparent that this matter is going to trial. Therefore, this portion of Plaintiff's Motion to Compel with respect to Interrogatory No. 14 is DENIED.

---

[6] Dkt. no. 100 at 6.

**Interrogatory 15:** "Identify each person (whether an individual or entity) who provided funding or other monetary assistance for the creation, making, and/or production of *Nightcrawler*, including persons having an investment or ownership interest in any person who provided funding or other monetary assistance for the creation, making, and/or production of *Nightcrawler*, and explain in detail the nature of said persons relationship with any persons (whether individual or entity) involved in the creation, making, and/or production of *Nightcrawler*."[7]

Plaintiff seeks information regarding the financial backers of *Nightcrawler*. Specifically, Plaintiff contends that individuals providing financial support for the film could have had access to and influence over the creation of the film. Defendants objected to this interrogatory on the grounds that it is overbroad, irrelevant, burdensome, and not proportional. Defendants assert that because the screenplay was largely unchanged during filming, the financial backers of *Nightcrawler* could not have had an impact on the screenplay. Defendants note that even though they have provided Plaintiff with every draft of the *Nightcrawler* screenplay, as well as the film itself, Plaintiff cannot identify any portion of the screenplay that Defendants allegedly changed in order to incorporate protected elements of Plaintiff's film.

Because the screenplay was not substantially altered during the filming and production of *Nightcrawler*, the link between the film's production financers and its creation is too attenuated to justify production of those documents. Accordingly, this portion of Plaintiff's Motion to Compel as to Interrogatory No. 15 is DENIED.

---

[7] Dkt. no. 100 at 7.

Based on the foregoing, Plaintiff's Motion to Compel Supplemental Responses to Interrogatories is **DENIED** in its entirety.

II. **Plaintiff's Motion to Compel Supplemental Responses to Discovery**

In this motion, Plaintiff argues that Defendants should be ordered to supplement their responses to certain Requests for Production of Documents. The court will address each disputed request and respective objection in turn.

**Request for Production No. 25:** "Produce all agreements, contracts, understandings, promises, memorandums of understandings, letters of intent, term sheets, and/or deal memoranda between NBCUniversal, its affiliates, parent companies, or aliases, and Robert Gale (including but not limited to merchandising or licensing agreements). This includes any contracts giving Gale licensing and merchandising approvals, payments, or residuals from the licensing and merchandising of any of his movies, or any intellectual property derived therefrom (such as consumer goods, video games, and other derivative media), including but not limited to the *Back to the Future* franchise."[8]

Plaintiff seeks agreements between Mr. Gale and non-party affiliates of NBCUniversal, which, Defendants assert, numbers in the hundreds. In particular, Plaintiff seeks agreements regarding Mr. Gale's involvement with the *Back to the Future* franchise. In response, Defendants contend that there are no agreements between Mr. Gale and NBCUniversal or Universal Studios Home Entertainment, LLC that would be responsive to Plaintiff's request. Defendants further assert that they have already produced documents evidencing payment for the two other times Mr. Gale served as an expert witness for subsidiaries of NBCUniversal. The

---

[8] Dkt. No. 101-1 at 15-16.

court is not persuaded that agreements between Defendants and Mr. Gale concerning the *Back to the Future* franchise or other ventures not related to *Nightcrawler* are relevant or proportional to the claims and defenses in this case.

Accordingly, this portion of Plaintiff's Motion to Compel Supplemental Responses to Discovery as to Request for Production No. 25 is DENIED.

**Request for Production No. 39:** "Produce all Documents, Communications and things relied upon and/or reviewed by You in preparing your Rule 26(a)(1) disclosures, including any initial, supplemental, or amended disclosures."[9]

Defendants assert that they have provided all the materials they are required to, except for those materials that copyright law prohibits them from copying. However, Defendants have made those requested items available to Plaintiff and his counsel for inspection pursuant to Rule 34(a)(1)(B). Fed. R. Civ. P. 34(a)(1)(B) (requiring a party to "permit the requesting party or its representative to inspect, copy, test, or sample . . . any designated tangible things"). Although Defendants have made the films and books they used in preparing their Rule 26(a)(1) disclosures available for review, Plaintiff seeks his own copies of the items that Defendants relied upon. However, Plaintiff has failed to demonstrate that he is entitled to copies rather than merely an opportunity to inspect.

Because Defendants have satisfied their disclosure requirements under the rules, this portion of Plaintiff's Motion to Compel Supplemental Responses to Discovery as to Request No. 39 is DENIED.

---

[9] Dkt. no. 101 at 3.

**Request for Production No. 40:** "For each of the Defendants, produce all insurance policies and/or all documents relating to any self-insurance indemnification that any of the defendants may rely on, have, or operate and that may be utilized or relied on by any of the Defendants to pay any legal fees, settlements, judgment, or indemnification associated with this Lawsuit."[10]

Plaintiff asserts that Defendants must have some type of insurance related to this lawsuit. Plaintiff alleges that if Defendants do not have documentation of insurance, they are committing "serious financial misconduct."[11] Defendants reply that they have produced everything they have and "cannot produce documents that do not exist."[12] Likewise, the court cannot order Defendants to produce documents that do not exist, and Plaintiff has failed to provide any reason for disbelieving Defendants' representations. More to the point, Defendants' solvency, or lack thereof, is irrelevant to Plaintiff's claim of copyright infringement. As such, this portion of Plaintiff's Motion to Compel Supplemental Responses to Discovery as to Request for Production No. 40 is DENIED.

**Requests for Production Nos. 41 to 49:** These requests seek the production of "all Documents, Communications and things mentioning, referencing, concerning, relating to, created by, prepared or draft [sic] by, sent to, or received from" including Rich Cowgill, Mark

---

[10] *Id.* at 4.

[11] Dkt. no. 101 at 5.

[12] Dkt no. 104 at 9.

Victor, Jeff Chamberlin, the Raishbrook brothers and their show entitled *Stringers LA*, Steven Soderbergh, Neil LaBute, and Scott Pacheco.[13]

Defendants contend that these individuals are not involved in this lawsuit and they did not become involved in *Nightcrawler* until after filming was completed. While Bold Films states that it has located documents referencing Mr. Soderbergh and Mr. LaBute, those documents are related to other projects and do not involve *Nightcrawler* or *Falling*. That said, Bold Films indicates that it is willing to produce those irrelevant documents to resolve this issue.

Again, while discovery is broad, the burden or expense of disclosure must be proportional to the relevance of the documents. The relevance of these individuals to this lawsuit is low, especially in comparison to the relatively high burden of asking each Defendant to search for the requested documents. Furthermore, the request is not limited to a particular time frame or by its relation to *Nightcrawler*. Therefore, this portion of Plaintiff's Motion to Compel Supplemental Responses to Discovery as to Requests for Production of Documents Nos. 41, 44, 45, 46, 47, and 48 are DENIED.

**Request for Production No. 50:** "Produce all Documents, Communications and things mentioning, referencing, concerning, relating to Scripture, LLC, including all corporate documents, all documents relating to ownership of Scripture, LLC, all documents concerning any relationship between Scripture, LLC and any of the Defendants, and all documents relating to who invested in or funded Scripture LLC."[14]

---

[13] Dkt. nos. 101-2 at 6 to 9.

[14] Dkt. no. 101-2 at 9.

Defendants explain that Scripture, LLC is a subsidiary of Bold Films established for the purpose of acquiring scripts from various screenwriters. While Plaintiff speculates that Scripture, LLC is a reference to the Church of Jesus Christ of Latter-day Saints (which is a theme in Plaintiff's movie *Falling*), Defendants contend it is actually a play on the word "script."[15] While Defendants have agreed to produce documents relating to Scripture LLC's organizational structure and agreement with the Writers Guild of America, the court concludes that the requested discovery is irrelevant to Plaintiff's lawsuit. Like a conspiracy theory, Plaintiff's speculation and assumption about the true origins of Scripture, LLC is not enough to justify disclosure of the requested discovery. Accordingly, this portion of Plaintiff's Motion to Compel Supplemental Responses to Discovery as to Request for Production of Documents No. 50 is DENIED.

**Requests for Production Nos. 52 and 53:** "Records sufficient to show all payments between Universal Studios Home Entertainment and Michael Robert Gale, including the payment of any royalties, from 1985 through the present date. . . . Produce all agreements, contracts, and Communications between Universal Studios Home Entertainment and Michael Robert Gale relating to promotion or marketing of Back to Future and/or Back to the Future Day in the years 2014 and 2015."[16]

These requests concern historical payments and agreements between Universal Home Studios Entertainment and Mr. Gale. Defendants contend that they have repeatedly informed Plaintiff that no such agreements exist. Again, the court cannot order Defendants to produce

---

[15] Dkt. no. 104 at 11.

[16] Dkt. no. 101-2 at 10.

documents that do not exist and Plaintiff has not provided any reason for the court to disbelieve Defendants' assertions. Accordingly, this portion of Plaintiff's Motion to Compel Supplemental Responses to Discovery as to Requests for Production of Documents Nos. 52 and 53 is DENIED.

Based on the foregoing, Plaintiff's Motion to Compel Supplemental Responses to Discovery is **DENIED** in its entirety.

### III. Plaintiff's Motion to Compel Production of Documents

**Inadequate Privilege Log Entries:** Plaintiff contends that the descriptions of the withheld documents on Defendants' privilege logs are inadequate for him to evaluate their claims of privilege. Plaintiff also challenges Defendants' designation of privileged documents on the basis that the privileges asserted are improper or that the privilege has been waived.

During the meet and confer process, Defendants provided Plaintiff with a supplemental privilege log, which Plaintiff argues is still insufficient. Plaintiff asserts that the supplemental privilege log does not provide him with enough information to determine the basis of each asserted privilege. However, as this court has previously held, a privilege log is sufficient if it provides "bates stamp numbers, the date of each document, the author, the recipient, a description of the document, and the specific privilege asserted." *Cleancut LLC v. Rug Doctor*, No. 2:08cv836, 2010 WL 1417859, at *1 (D. Utah April 6, 2010) (unpublished). The court has reviewed Defendants' privilege log and finds that it comports with this standard and provides a factual basis for each asserted privilege.

The court also concludes that Defendants' designations of privilege are proper. The court is not persuaded by Plaintiff's argument that unless the privileged communications or documents relate to the instant litigation, they cannot be designated as privileged. Plaintiff provides no

13

support for this assertion.  The court concludes that Defendants are cooperating in good faith as is evidenced by their willingness of to update their privilege log.  Therefore, Plaintiff has failed to demonstrate that Defendants have overreached in their attorney-client and work-product privilege designations.  Accordingly, this portion of Plaintiff's Motion to Compel Production of Documents is DENIED.

**Improper Redactions:**  Plaintiff argues that many of Defendants' redacted documents state improper grounds for those redactions.  Plaintiff specifically takes issue with Defendants' redactions on the basis of irrelevancy and personal email addresses.  In response, Defendants assert that they were surprised by Plaintiff's allegations here because Defendants provided some of the redacted documents referenced in this motion in unredacted form in mid-2016.  Defendants also argue that the redacted material is irrelevant to the case at hand, including (1) financial information about other films, (2) personal email addresses for Hollywood celebrities, and (3) information concerning a business agreement unrelated to *Nightcrawler*.

The court agrees with Defendants.  Irrelevant information like financial data, business contracts, and personal emails of celebrities need not be disclosed merely because they appear on a document that contains information that is relevant to this case.  Plaintiff has failed to demonstrate that he is entitled to this information.  Therefore, this portion of Plaintiff's Motion to Compel Production of Redacted Documents is likewise DENIED.

Based on the foregoing, Plaintiff's Motion to Compel Production of Documents is **DENIED** in its entirety.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motions to compel[17] are hereby **DENIED**.

**IT IS SO ORDERED**.

DATED this 8th day of May, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[17] Dkt. nos. 100, 101, and 106.