IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD DUTCHER,<br><br>               Plaintiff,<br><br>v.<br><br>BOLD FILMS LP, BOLD FILM PRODUCTIONS, LLC, OPEN ROAD FILMS, LLC, NBCUNIVERSAL MEDIA, LLC, and UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:15-cv-110-DB<br><br>District Judge Dee Benson |

Before the Court are three Motions for Summary Judgment—two filed by Plaintiff (Dkt. Nos. 139 and 155) and one filed by Defendants (Dkt. No. 148). The Motions have been fully briefed by the parties, and the court has carefully considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the Motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  DUCivR 7-1(f).

<u>Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defense Re: Damages (Dkt. No. 139)</u>

In his Motion for Summary Judgment on Defendants' Affirmative Defense Re: Damages, (Dkt. No. 139), Plaintiff argues that Defendants failed to timely provide admissible evidence to establish their deductible expenses and elements of profit attributable to factors other than copyrighted work as required by 17 U.S.C. § 504(b). Even assuming for purposes of this Motion that Plaintiff's timeliness arguments regarding Defendants' disclosures are true, the court finds

sufficient facts—including financial records and corporate depositions—for a reasonable jury to determine Defendant's deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Accordingly, Plaintiff's Motion (Dkt. No. 139) is DENIED.

Plaintiff's Motion for Summary Judgment Re Defendants' Affirmative Defenses
(Dkt. No. 155)

In his Motion for Summary Judgment regarding Defendants' Affirmative Defenses, (Dkt. No. 155), Plaintiff argues that judgment should be granted in his favor with respect to Defendants' 4th, 7th, 11th, 12th, 13th, 14th, 15th, 16th, 17th, and 18th Affirmative Defenses. In their response, Defendants stipulate to the dismissal of their 11th, 12th, 13th, 14th, 15th, and 16th Affirmative Defenses. Accordingly, those defenses are DISMISSED.

Defendants' Eighteenth Affirmative Defense is: "Defendants have not reaped any profits attributable to any infringement(s)." Dkt. No. 90 at 7. Plaintiffs' arguments with respect to this Defense are the same as those discussed in Plaintiff's Motion for Summary Judgment regarding damages, discussed above. For the reasons articulated above, the court finds sufficient evidence to present Defendants' Eighteenth Affirmative Defense to a jury.

Similarly, Defendants' Seventeenth Affirmative Defense is: "Plaintiff has not suffered any actual damages and/or Defendants are entitled to have any damages awarded apportioned to any infringement(s), as opposed to unprotected elements of the works." *Id.* at 7. Like Defendants' Eighteenth Affirmative Defense, the court finds sufficient facts related to apportionment of damages to create a genuine issue of material fact with respect to Defendants' Seventeenth Affirmative Defense.

Defendants' Fourth Affirmative Defense is: "Plaintiff's claim is barred to the extent that Plaintiff does not hold a valid copyright in *Falling*." Id. at 5. It is undisputed that *Falling* was a copyrighted work, but a factual dispute lies in the timing of the registration of that copyright. A genuine dispute of material fact exists as to whether Plaintiff's claim for attorneys' fees is barred because of the timing of his copyright registration. Accordingly, Plaintiff's Motion with respect to the Fourth Affirmative Defense is denied.

Defendants' Seventh Affirmative Defense is: "Any similarity between *Falling* and *Nightcrawler* consists of ideas and/or expression of unprotected copyright and/or unprotected stock elements or *scenes a faire*, and is therefore not protectable expression." *Id.* at 6. Even accepting Plaintiff's timeliness arguments as true for purposes of this Motion, the court finds sufficient facts to create a genuine issue of material fact as to the unprotected elements of the film and application of the *scenes-a-faire* doctrine to this case. Accordingly, Plaintiff's Motion with respect to Defendants' Seventh Affirmative Defense is denied.

Accordingly, Defendants' 11th, 12th, 13th, 14th, 15th, and 16th Affirmative Defenses are DISMISSED and Plaintiff's Motion with respect to Defendants' 4th, 7th, 17th, and 18th Affirmative Defenses is DENIED.

## Defendants' Second Motion for Summary Judgment Regarding Substantial Similarity (Dkt. No. 148)

Defendants' Second Motion for Summary Judgment Regarding Substantial Similarity (Dkt. No. 148) revisits the question the court addressed at the Motion to Dismiss stage: whether a reasonable jury could conclude that *Nightcrawler* is substantially similar to *Falling*. *See* Dkt. Nos. 71 and 72. Having reviewed the briefing submitted by the parties, the court again finds sufficient evidence to allow the case to go to a jury on the question of substantial similarity.

Accordingly, Defendants' Second Motion for Summary Judgment Regarding Substantial Similarity is DENIED.[1]

CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Summary Judgment (Dkt. Nos. 139 and 155) are DENIED, except with respect to Defendants' 11th, 12th, 13th, 14th, 15th, and 16th Affirmative Defenses, as to which stipulated dismissal is GRANTED. Defendants' Motion for Summary Judgment (Dkt. No. 148) is also DENIED. Plaintiff's Evidentiary Objections (Dkt. No. 229) are OVERRULED.

DATED this 13th day of August, 2018.

BY THE COURT:

Dee Benson
United States District Judge

---

[1] In light of the court's ruling, Plaintiff's Evidentiary Objections (Dkt. No. 229) are OVERRULED.