# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **RICHARD DUTCHER,** <br><br> Plaintiff, <br><br> v. <br><br> **BOLD FILMS LP, et al.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:15-cv-00110-DB-PMW** <br><br> **District Judge Dee Benson** <br><br> **Chief Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Richard Dutcher's ("Dutcher") motion to lift stay.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

On September 6, 2018, one of the named defendants in this case, Open Road Films, LLC ("Open Road"), filed a petition for bankruptcy in the United States Bankruptcy Court for the

---

[1] *See* docket no. 80.

[2] *See* docket no. 244.

District of Delaware.[3] The same day, Open Road filed a notice of bankruptcy filing in this case.[4] As a result of that notice, this case was stayed. On October 14, 2018, Dutcher filed the motion to lift stay currently before the court seeking to lift the stay as to all named defendants in this case other than Open Road (collectively, the "Non-Bankruptcy Defendants"). The Non-Bankruptcy Defendants oppose Dutcher's motion.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also TravelPass Grp., LLC v. Benjamin & Bros., LLC*, No. 2:17-cv-00247-JNP-PMW, 2017 WL 2841221, at *2 (D. Utah July 3, 2017). "The granting of [a] stay ordinarily lies within the discretion of the district court." *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (per curiam); *see also Trustees of Utah Carpenters' & Cement Masons' Pension Tr. v. Perry Olsen Family P'ship*, No. 2:11-CV-593-TC-PMW, 2012 WL 1981522, at *3 (D. Utah June 1, 2012). When deciding to exercise its inherent power to stay, the court considers: "(1) whether the stay would promote judicial economy; (2) whether the stay would avoid possible inconsistent results; and (3) whether the stay would not work undue hardship or prejudice against the plaintiff." *United States ex rel. Cache Valley Elec. Co. v. Travelers Cas. & Sur. Co. of Am.*, No. 2:13-cv-01120-DN, 2015 WL 164064, at *3 (D. Utah Jan. 13, 2015) (quotations and citation omitted); *see also TravelPass Grp., LLC*, 2017 WL 2841221, at *2.

---

[3] *See* docket no. 243, Exhibit 1.

[4] *See* docket no. 243.

In this case, lifting the stay as to the Non-Bankruptcy Defendants would not promote judicial economy and has the potential of leading to inconsistent results. The Non-Bankruptcy Defendants assert that the central issue in this case is the same with respect to both the Non-Bankruptcy Defendants and Open Road. The Non-Bankruptcy Defendants further assert that they and Open Road will rely upon the same witnesses, experts, and documents. Importantly, Dutcher does not dispute either of those assertions. If the court were to lift the stay as to the Non-Bankruptcy Defendants, it could lead to two trials in this case, one involving the Non-Bankruptcy Defendants, and one involving Open Road. Such a result would lead to unnecessary duplication of efforts for both the parties and the court and has the potential of leading to inconsistent judgments.

The Non-Bankruptcy Defendants also correctly note that there are three pending motions in this case concerning the exclusion of experts.[5] The Non-Bankruptcy Defendants argue that the court should not decide those motions prior to lifting the stay as to Open Road because each of those motions involve and directly impact the interests of Open Road. In response, Dutcher contends that the court could decide those motions as to only the Non-Bankruptcy Defendants. Although not explicitly stated, it appears that Dutcher believes that the court could decide those motions as to the Non-Bankruptcy Defendants and reserve a decision on them as to Open Road for a later date. Again, such an approach would lead to an unnecessary duplication of efforts for both the parties and the court, as well as the risk of inconsistent results.

---

[5] *See* docket nos. 150, 151, 157.

The court concludes that the first two factors weigh heavily in favor of keeping the stay in place. As to the final factor, the court acknowledges that leaving the stay in place imposes some inconvenience upon Dutcher, but the court is not persuaded that it amounts to undue hardship or prejudice. Dutcher obviously has an interest in moving this case forward, but interests of judicial economy and the risk of inconsistent results hold greater importance to the court.

Having reached the conclusion that the stay should remain in place, the court must vacate the deadlines in the current pretrial scheduling order, the final pretrial conference, and the trial date. A new pretrial scheduling order will be entered if and when the stay in this case is lifted.

In summary, IT IS HEREBY ORDERED:

1. Dutcher's motion to lift stay[6] is DENIED.

2. All deadlines in the current pretrial scheduling order[7] are VACATED.

3. The final pretrial conference scheduled for November 15, 2018, at 2:30 p.m. and the ten-day jury trial scheduled for December 3, 2018, at 8:30 a.m. are VACATED.

IT IS SO ORDERED.

DATED this 8th day of November, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[6] *See* docket no. 244.

[7] *See* docket no. 242.