IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD DUTCHER,<br><br>                Plaintiff,<br><br>v.<br><br>BOLD FILMS LP, BOLD FILM PRODUCTIONS, LLC, OPEN ROAD FILMS, LLC, NBCUNIVERSAL MEDIA, LLC, and UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:15-cv-110-DB<br><br>District Judge Dee Benson |

       Before the Court are three Motions in Limine—two filed by Defendants (Dkt. Nos. 150 and 151) and one filed by Plaintiff. (Dkt. No. 157.) The Motions have been fully briefed by the parties, and the court has carefully considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the Motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

**Defendants' Motion to Exclude Expert Testimony of Linda Seger and Eric Samuelsen (Dkt. No. 150)**

       In their first Motion in Limine, Defendants seek to exclude the expert witness testimony of two substantial similarity experts—Linda Seger and Eric Samuelsen. Defendants argue that the proposed testimony is unhelpful and irrelevant to the ordinary observer test for determining substantial similarity, that the testimony is based on unreliable methodology, and that its probative value is substantially outweighed by the risk of jury confusion and undue prejudice.

(Dkt. No. 150.) Federal Rule of Evidence 702 allows qualified expert witness testimony that "will help the trier of fact to understand the evidence or to determine a fact in issue" so long as it "is based on sufficient facts or data"; "is the product of reliable principles and methods"; and if "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

The court finds that the requirements of Rule 702 are met with respect to Dr. Seger and Professor Samuelsen. Experts may provide insight to the jury, even in the context of a reasonable observer standard, and any shortcomings of the methods of Plaintiffs' substantial similarity experts may be properly addressed through cross-examination and the use of Defendants' own substantial similarity expert, Mr. Gale. The court also finds that the proposed expert testimony is not unduly prejudicial or confusing. Accordingly, Defendants' Motion to Exclude the testimony of Dr. Seger and Professor Samuelsen is hereby DENIED.

**Defendants' Motion to Exclude Expert Testimony of Gerald R. McMenamin**
**(Dkt. No. 151)**

In their second Motion in Limine, Defendants seek to exclude the expert witness testimony of Gerald R. McMenamin on the basis that it is unreliable, not based on sufficient facts or data, and that its probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, and misleading the jury. (Dkt. No. 151.) The court finds that Dr. McMenamin's testimony is sufficiently reliable and supported by facts and data to satisfy Rule 702. Defendants' contentions, including that Dr. McMenamin has artfully selected particular entries for analysis, may appropriately be addressed on cross-examination. Defendants' concerns regarding possible confusion of issues or misleading the jury may also be addressed on cross-examination. Accordingly, Defendants' second Motion to Exclude is hereby DENIED.

**Plaintiff's Motion in Limine to Exclude Supplemental Expert Testimony of Michael Robert Gale and Supporting Evidence Not Timely Disclosed (Dkt. No. 157)**

In his Motion to Exclude, Plaintiff argues that the supplemental report of Michael Robert Gale, and much of its supporting evidence, was not timely disclosed and should be excluded. (Dkt. No. 157.) Plaintiff also argues that Mr. Gale's *scenes a faire* analysis should be excluded because it addresses "prior art", which Plaintiff argues is a notion of novelty, rather than the relevant question of originality. (*Id.*) In light of the confusion related to the Amended Scheduling Order in this case, (*see* Dkt. Nos. 93, 103,) the substantial disclosures made early on in these proceedings, and the amount of time remaining before trial, the court finds that, even assuming that *scenes a faire* is an affirmative defense, Defendants timely disclosed Mr. Gale's supplemental expert report and its documentary support. The court also finds that the references to "prior art" in Mr. Gale's report do not merit its exclusion under Federal Rule of Evidence 702. Accordingly, Plaintiff's Motion to Exclude Mr. Gale's testimony and supporting evidence is hereby DENIED.

## Conclusion

For the foregoing reasons, the parties' Motions to Exclude Expert Testimony (Dkt. Nos. 150, 151, and 157) are hereby DENIED.

DATED this 11th day of January, 2019.

BY THE COURT:

_____
Dee Benson
United States District Judge