# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| RICHARD DUTCHER,<br><br>Plaintiff,<br><br>v.<br><br>BOLD FILMS LP, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:15-cv-00110-DB<br><br>District Judge Dee Benson<br><br>Chief Magistrate Judge Paul M. Warner |

Before the court are Defendants Bold Films LP; Bold Films Productions, LLC; Open Road Films, LLC; NBCUniversal Media, LLC; and Universal Studios Home Entertainment LLC (collectively, "Defendants") (1) motion for leave to file documents under seal[1] and (2) motion for protective order re: internal billing records.[2] District Judge Dee Benson referred both motions to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions based upon the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* ECF no. 370

[2] *See* ECF no. 377.

[3] *See* ECF no. 381.

Defendants have filed a Motion for Attorneys' Fees Under 17 U.S.C. § 505, which is currently pending before Judge Benson.[4] In connection with that motion, Defendants filed the Declaration of David C. Reymann ("Reymann Declaration").[5] Defendants have filed under seal Exhibit A to the Reymann Declaration ("Exhibit A"), which consists of certain of Defendants' counsel's billing records in this matter.[6] Defendants have also designated the records contained in Exhibit A as confidential under the court's Standard Protective Order ("SPO"). *See* DUCivR 26-2(a).

Both motions before the court relate to Exhibit A. In their first motion, Defendants seek a court order giving them permission to file Exhibit A under seal. In their second motion, Defendants seek a protective order allowing them to maintain the confidential designation they have placed on the billing records contained in Exhibit A under the SPO. Defendants advance the same argument in support of both motions, namely, that Exhibit A contains confidential and sensitive business records of both Defendants and their counsel.

The court will first address whether Defendants should be permitted to file Exhibit A under seal. "Courts have long recognized a common-law right of access to judicial records." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quotations and citation omitted). At the same time, "[i]t is beyond question that [a] [c]ourt has discretionary power to control and seal, if necessary, records and files in its possession." *Id.* (quotations and citation omitted) (final

---

[4] *See* ECF no. 368.

[5] *See* ECF no. 369.

[6] *See* ECF no. 371.

alteration in original). Indeed, "the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption." *Dillard*, 795 F.3d at 1205 (quotations and citation omitted). The decision about whether to seal court records "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In their motion to seal, Defendants argue only that they should be permitted to file Exhibit A under seal "to protect sensitive information relating to the specific work that was performed on this case."[7] Plaintiff Richard Dutcher ("Plaintiff") opposes Defendants' motion by arguing, *inter alia*, that Defendants have not demonstrated why the information contained in Exhibit A is confidential and sensitive. In their reply, Defendants cite to some authority for the proposition that, in certain circumstances, courts have permitted internal billing records to be filed under seal. However, in the court's view, Defendants fail to provide any additional explanation as to why the information contained in Exhibit A is confidential and sensitive.

The court agrees with Plaintiff's argument. Defendants make only unsupported assertions concerning the allegedly confidential and sensitive nature of the information contained

---

[7] ECF no. 370 at 2.

in Exhibit A.  The court concludes that those assertions fail to carry "the burden of showing some significant interest that outweighs the presumption" that Exhibit A should be open to the public. *Dillard*, 795 F.3d at 1205 (quotations and citation omitted).  Accordingly, Defendants' motion to seal is denied.

The court turns next to Defendants' motion for protective order re: internal billing records.  For the same reasons set forth above, the court concludes that Defendants have failed to carry their burden of demonstrating that the records contained in Exhibit A qualify for a confidential designation under the SPO.  *See* SPO at ¶ 9(c) ("The burden of proving that the designation is proper shall be upon the producing party.").  Therefore, Defendants' motion for protective order re: internal billing records is likewise denied.

Although the court has denied both of Defendants' motions, the court recognizes that Defendants may object to this order pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(a) of the Federal Rules of Civil Procedure.  Accordingly, Exhibit A shall remain under seal, and the records therein shall retain their confidential designation under the SPO to provide Defendants with the opportunity to file any such objections.  If Defendants file timely objections to this order, Exhibit A shall remain under seal, and the records therein shall retain their confidential designation under the SPO until otherwise ordered by District Judge Benson.  If Defendants do not file timely objections to this order within the 14-day period provided by 28 U.S.C. § 636(b)(1) and Rule 72(a), the Clerk of Court shall unseal Exhibit A immediately after expiration of that 14-day period, and the records contained in Exhibit A will no longer retain their confidential designation under the SPO.

In summary, IT IS HEREBY ORDERED that Defendants' motion for leave to file documents under seal[8] and motion for protective order re: internal billing records[9] are both DENIED, as detailed above.

IT IS SO ORDERED.

DATED this 23rd day of January, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[8] *See* ECF no. 370

[9] *See* ECF no. 377.